UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KERRY JOSEPH PITRE, JR.**                                        **CIVIL ACTION**

**VERSUS**                                                                      **NO. 19-14049**

**JERRY P. LARPENTER, ET AL.**                              **SECTION: "H"(3)**

**REPORT AND RECOMMENDATION**

Plaintiff, Kerry Joseph Pitre, Jr., a state prisoner, filed this federal civil action pursuant to 42 U.S.C. § 1983. He sued Terrebonne Parish Sheriff Jerry P. Larpenter, Colonel Terry Daigle, Warden Stephen Bergeron, and Commissary Supervisory Karen Becnel. In this lawsuit, plaintiff claims that jail officials have refused to provide him with a copy of the Qur'an and a prayer rug at no charge.

**I. Screening Standards**

Plaintiff filed this federal civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted for the following reasons.

---

[1] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

## II.  Plaintiff's Claims

Plaintiff filed this federal civil rights action pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

In his complaint, plaintiff alleges:  (1) he is an adherent of the Islamic faith; (2) inmates may purchase copies of the Qur'an and prayer rugs from the jail commissary; (3) he cannot afford to buy those items; and (4) jail officials refuse to provide him with the items at no charge.  However, even if those allegations are true, plaintiff's claims are foreclosed by Frank v. Terrell, 858 F.2d 1090 (5th Cir. 1988).

In Frank, a Jewish prisoner complained that jail officials "failed and refused to provide him with certain religious materials, such as six books and a prayer shawl, a tallit, sermon tapes, and a kippah."  Id. at 1090.  As in the instant case, the prisoner did not allege that he was forbidden to possess and use those religious items; rather, he simply complained that prison officials "refuse[d] to furnish the items, free of charge, for his use."  Id.  In affirming the district court's dismissal of the prisoner's claims, the United States Fifth Circuit Court of Appeals held:

> We agree with the district court's observation that "[t]here cannot possibly be any constitutional or legal requirement that the government provide materials for every religion and sect practiced in this diverse country" (quoting Cruz v. Beto, 405 U.S. 319, 323, 92 S.Ct. 1079, 1082, 31 L.Ed.2d 263 (1972) (Burger, C.J., concurring)).  Accord, Childs v. Duckworth, 509 F.Supp. 1254, 1264 (N.D. Ind. 1981), aff'd, 705 F.2d 915 (7th Cir. 1983); Cochran v. Sielaff, 405 F.Supp. 1126, 1128 (S.D. Ill. 1976).
> In Cruz v. Beto, the plaintiff alleged that he was not allowed to use the prison chapel; that he was punished for sharing his religious materials with other

> inmates; and that he was prohibited from corresponding with his religious advisor. The Court held that the complaint stated a constitutional claim if the plaintiff, a Buddhist, "was denied a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts...." 405 U.S. at 322, 92 S.Ct. at 1081.
>
> Here, the plaintiff professes a religion more common in the United States, the Jewish faith. He does not assert that he is denied the opportunity to observe the tenets of that religion or that he is discriminated against for his beliefs. His only complaint is that the [Texas Department of Corrections] will not provide him with certain physical materials, but he does not suggest that he has been denied the opportunity to obtain such materials on his own.
>
> The refusal to provide the demanded religious articles is well within the "latitude in the administration of prison affairs" which prison officials must be accorded. Cruz v. Beto, id. at 321, 92 S.Ct. at 1081.

Frank, 858 F.2d at 1090-91. Accord Parker v. Coahoma County Sheriff's Department, No. 2:07CV169, 2008 WL 1818524, at *1 (N.D. Miss. Apr. 21, 2008) ("A jail has no affirmative duty to provide inmates the religious text or other reading material of their choosing."); Mack v. Reynolds, No. 797CV170R, 2000 WL 1808277, at *3 (N.D. Tex. Dec. 11, 2000) ("There is no legal or constitutional requirement that inmates be provided with religious materials at government expense."). Accordingly, plaintiff's claims must be dismissed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this __12th__ day of December, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.